UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-02216-KLM

Mike Pappas,

    Plaintiff,

v.

BC Services, Inc.,

    Defendant.

---

**SUPPLEMENTAL PROPOSED SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL**

The Scheduling Conference was held on November 26, 2018 at 2:30 p.m.

**Appearing for Plaintiff, Mike Pappas:** Nathan C. Volheim, Sulaiman Law Group, Ltd. 2500 South Highland Ave., Suite 200 Lombard, Illinois 60148, Telephone (630) 568-3056.

**Appearing for Defendant, BC Services, Inc.:** Veronica L. Vecchio, Laszlo & Associates, LLC 2595 Canyon Blvd. Suite 210 Boulder CO 80302, Telephone: (303) 926-0410.

**2. STATEMENT OF JURISDICTION**

This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims were brought under two federal statutes, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  This court has personal jurisdiction over this matter because Plaintiff is a

resident of Colorado, and Defendant conducts business within the state of Colorado, and a significant amount of the underlying events alleged in the Complaint occurred within Colorado.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff's statement**:

Plaintiff's Complaint (Dkt. 1) alleges that Defendant violated 15 U.S.C. § 1692 *et seq.* of the Fair Debt Collection Practices Act ("FDCPA") and 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA"). Plaintiff contends that Defendant called his cellular telephone number after he demanded that it cease calling, in violation of the FDCPA and the TCPA.

b. **Defendant's statement:**

Defendant, B.C. Services, Inc. denies violating the FDCPA and the TCPA in this matter. Plaintiff signed a written consent to allow Defendant to call his cellular telephone and this consent was not revoked by Plaintiff. Plaintiff called Defendant three times, none of which were harassing or abusive. Defendant was not notified to stop calling Plaintiff. Defendant denies it used false, deceptive or misleading representations to collect a debt.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

a. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.
b. Venue is proper in the District of Colorado.
c. Plaintiff is a consumer of 18 years of age.
d. Plaintiff resides in Elizabeth, Colorado.
e. Plaintiff is a natural "person," as defined by 47 U.S.C. § 153(39).

    f.  Defendant is a debt collector as defined by §1692a(6) of the FDCPA.

    g.  The subject debt is a "debt" as defined by by §1692a(5) of the FDCPA.

    Defendant called Plaintiff to collect a debt.

### 5. COMPUTATION OF DAMAGES

Plaintiff seeks statutory damages of up to $1,000.00 under the FDCPA and of $500.00 to $1,500.00 per call under the TCPA. Additionally he seeks payment of his actual damages and reasonable attorney fees and costs, in amounts to be determined, under the FDCPA

Defendant does not assert damages at this time, but reserves the right to seek its costs and attorneys' fees as appropriate.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)

a. **Date of Rule 26(f) Meeting:** November 2, 2018.

b. **Names of each participant and each party represented:**

    Counsel for Plaintiff: Nathan C. Volheim

    Counsel for Defendant, BC Services, Inc.: Veronica L. Vecchio, Esq.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

    Disclosures were made November 12, 2018.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).**

    The parties do not propose any changes to the timing or requirement of disclosures at this time.

e. **Statement concerning any agreements to conduct informal discovery:**

The parties have not agreed to make any documents available without the need for a formal request for production at this time.

f. **Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

The parties agree to use consecutive deposition exhibit numbers and to use those same deposition exhibit numbers as trial exhibit numbers.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: if each party has electronically stored information, it will all be subject to disclosure and/or discovery. The parties expect to exchange all relevant documents in Portable Document Format (PDF).  See Addendum.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed the possibility of settlement.

## 7.   CONSENT

The parties have consented to the exercise of jurisdiction of a U.S. Magistrate Judge.

## 8.   DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree to limit the number of depositions to five (5) depositions for each side including experts, and the number of interrogatories to twenty (25) for each side.

4

    **b. Limitations which any party proposes on the length of depositions.**

Depositions are to be limited to seven (7) hours per deposition.

    **c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree to limit the number of Requests for Production to twenty (25) per side and the number of Requests for Admission to twenty (25) per side.

    **d. Other Planning or Discovery Orders**

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.L.Civ.R. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court. See Addendum

### 9.  CASE PLAN AND SCHEDULE

    **a. Deadline to Amend Pleadings**

January 7, 2019.

    **b. Discovery Cut-off**

May 31, 2019.

    **c. Dispositive Motion Deadline**

June 28, 2019.

    **d. Expert Witness Disclosure**

        1.     The parties shall identify anticipated fields of expert testimony, if any.

Defendant reserves the right to designate an expert in accordance with the Court's scheduling order.

        2.     Limitations which the parties propose on the use or number of expert witnesses.

The parties propose to limit the number of expert witnesses to two per side, including rebuttal experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

March 1, 2019.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

April 1, 2019.

e. **Identification of Persons to Be Deposed**

Plaintiff: Corporate representative of Defendant, any person identified in Defendant's Rule 26(a)(1) Initial Disclosures, any employee of Defendant who spoke with Plaintiff, and persons disclosed through the course of discovery or further investigation.

Defendant: Plaintiff, any persons disclosed in Plaintiff's Rule 26(a)(1) Initial Disclosures, and persons disclosed through the course of discovery or further investigation.

The dates and times of the depositions have yet to be determined.

f. **Deadlines for Interrogatories**

Interrogatories will be served by April 10, 2019.

g. **Deadline for Requests for Production and Admissions**

Requests for Production and Admissions will be served by April 10, 2019.

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

      a.      Status conferences will be held in this case at the following dates and times:

<u>As needed.</u>

b.     A final pretrial conference/trial prepration conference/jury instruction conference will be held in this case on October 3, 2019 at 11:00 a.m.A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

      c.      A two-day jury trial is scheduled for October 15, 2019 at 9:00 a.m.

## 11. OTHER SCHEDULING ISSUES

a. Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate the trial will be complete in one to two days before a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at at 212 N. Watsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/FederalBuilding, 103 Sheppard Drive, Durango, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this ___ day of _____, 2018.

BY THE COURT:

_____
Hon. Kristen L. Mix
Magistrate Judge
United States District Court

| /s/ Nathan C. Volheim | /s/ Veronica L. Vecchio |
|---|---|
| Nathan C. Volheim | Theodore E. Laszlo, Jr., Esq. |
| Sulaiman Law Group, Ltd. | Michael J. Laszlo, Esq. |
| 2500 South Highland Ave., Suite 200 | Veronica L. Vecchio, Esq. |
| Lombard, Illinois 60148 | Laszlo & Associates, LLC |
| Telephone: (630) 568-3056 | 2595 Canyon Blvd. Suite 210 |
| nvolheim@sulaimanlaw.com | Boulder, CO 80302 |
| Attorney for Plaintiff | (303) 926-0410 (phone) |
| | (303) 443-0758  (fax) |
| | Email: vecchio@laszlolaw.com |
| | Attorney for Defendant, BC Services, Inc. |